**SEARS, ROEBUCK AND CO., Plaintiff–Appellee and Cross–Appellant,**

**v.**

**The MURRAY OHIO MANUFACTURING CO. and Admiral Insurance Co., Defendants–Appellants and Cross–Appellees.**

**Nos. 90–3242, 90–3349.**

United States Court of Appeals, Seventh Circuit.

Argued Sept. 26, 1991.

Decided Nov. 15, 1991.

Rehearing Denied Jan. 8, 1992.

Lloyd E. Williams, Jr., James K. Horstman (argued), Mary A. Sliwinski, Barry L. Kroll, Williams & Montgomery, Chicago, Ill., for plaintiff-appellee and cross-appellant.

Francis D. Morrissey, Michael A. Pollard, Edward J. Zulkey (argued), Lisa Sopata, Baker & McKenzie, Chicago, Ill., for defendants-appellants and cross-appellees.

Before BAUER, Chief Judge, WOOD, Jr., Circuit Judge, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

This indemnification action arises from a state products liability suit brought by the Mosleys, not parties to this action, against Sears, Roebuck and Co. ("Sears"), the plaintiff in the present case. The Mosleys claimed that Sears had sold them a defective bicycle which caused Mr. Mosley to injure himself. The Mosleys won a $400,-000 judgment from Sears, who incurred a total of $510,927.88 in liabilities, costs, and expenses in the underlying state action. Sears then sued Murray Ohio Manufacturing Co. ("Murray"), the manufacturer of the bicycle, and Admiral Insurance Co. ("Admiral"), Murray's insurance company, for satisfaction of their contractual duties to defend, indemnify, and insure Sears. On cross motions for summary judgment, the district court found Murray liable under an indemnification provision, and both Murray and Admiral liable under an insurance provision. Murray and Admiral appeal the district court's finding of liability. Sears cross-appeals the judgment, contending that the district court found the defendants liable under both the indemnification and the insurance agreements but erroneously entered judgment solely on the insurance agreement. We affirm the grant of summary judgment in favor of Sears and remand for a new entry of judgment.[1]

### Discussion

Murray and Admiral (collectively, "the defendants") make three main arguments on appeal. First, the defendants argue that the indemnification agreement does not cover the Mosleys' judgment against Sears because Sears' liability in that action was based on its negligent assembly of the bicycle, derived from a "second sale" of that assembly to the Mosleys, and bore no relation to any wrong-doing by Murray. Second, the defendants contend that the insurance agreement does not cover this liability because Sears intentionally made a "physical change" in the bicycle during assembly. Finally, the defendants claim that Sears is not a "person insured" for the purposes of the insurance agreement because assembling bicycles is not part of its "regular course of business."

The district court rejected all of these arguments based on its correct conclusion that the jury in the state action did not find that Sears had assembled the bicycle negligently. In coming to this conclusion, the district court apparently assumed that it could not look behind the jury verdict in the underlying state action. Thus, the district court did not base its finding on the entire record from the state action. Rather, it relied on the facts that the Mosleys dropped their negligence count before submitting the case to the jury and ultimately submitted their claim on a theory of strict products liability. The jury then found, in a special verdict, that Sears placed the bicycle on the market "with a *defect* which was a legal cause of damage ... (emphasis added)." The indemnity provision covered

---

**1.** Because we rule in favor of Sears, we need not consider its motion to strike the defendants' brief.

"any ... defect" in the bicycle.[2] Based on the complaint, the verdict, and the indemnity provision, the district court held that the "very broad [indemnity] provision easily covers the claims in the *Mosley* litigation." Similarly, the court held that the insurance provision[3] also covered the *Mosley* litigation.

 We agree with the district court that, if we attach conclusive effect to the jury verdict, the indemnification and insurance provisions are sufficiently broad to cover Sears' liability in the underlying action. Of course, the defendants' "negligent assembly" theory, which underlies all three of their arguments, *assumes* that the jury verdict was not binding on the defendants, for we cannot decide that Sears' liability was actually based on its negligent assembly without evaluating the entire record from the underlying action. But the defendants never presented the district court with any argument or authority for the proposition that it had the power to look behind the jury verdict. Sears also ignored the issue and simply assumed that the district court did *not* have that power. Reading the district court's opinion, it is apparent that because the parties never raised the issue, the district court *assumed* that it did not have the power to look behind the jury verdict. Because neither the parties nor the court raised the issue below, we cannot consider it on appeal. *Bartlett v. Commissioner of Internal Revenue*, 937 F.2d 316, 322 (7th Cir.1991). Moreover, even on appeal, the defendants have not squarely presented the issue. At oral argument, counsel for the defendants insisted that we could look behind the jury verdict but refused or was unable to explain why. And in the defendants' brief, they merely mention that we can look behind the jury verdict in a cryptic paragraph at the end of the brief. The defendants have failed to identify, let alone explain, any error committed by the district court. We affirm the finding of liability under both provisions.

Sears cross-appeals on the ground that the district court found the defendants liable under both the indemnification and the insurance agreements, but entered judgment solely under the insurance agreement. The defendants do not dispute this point. We reverse and remand for entry of judgment allowing Sears to collect under both agreements, as long as it does not obtain a double recovery.

### Conclusion

For the reasons stated, we AFFIRM the district court's grant of summary judgment to Sears and REMAND for an entry of judgment under both Counts I and II of Sears' complaint.

---

**2.** "[Murray] agrees to ... indemnify [Sears] ... against any ... claims ... arising out of any ... injury ... resulting ... from any ... defect in such merchandise...."

**3.** The insurance agreement covered "any ... incident ... related to the" bicycle.